IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY KLEIN,<br><br>              Plaintiff,<br><br>v.<br><br>HIGHLAND PARK CVS, LLC,<br>A Rhode Island Limited Liability Company,<br><br>              Defendant. | No. 20 C 3622<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM ORDER

Defendant CVS's Motion for Leave to File Second Affirmative Defense [99] ("Defendant's Motion") is denied. See Statement below for further details.

## STATEMENT

On the eve of trial and after the parties filed their Final Pretrial Order [91], Defendant Highland Park CVS, LLC, wants to add an additional affirmative defense to a purported claim that is not pled as such in Plaintiff Shirley Klein's amended complaint [16]. Even if Defendant's proposed new affirmative defense were legally cognizable, Defendant's attempt to add such a defense theory into the case at this late date would prejudice Plaintiff and is not protected by the excusable neglect standard embodied in Federal Rule of Civil Procedure 6(b)(1)(B).

Plaintiff alleges in her amended complaint that Defendant's negligent conduct caused her to fall at its Highland Park, Illinois, store on April 20, 2020 and that she sustained personal injuries and damages as a result of that fall. Amended Complaint [16], at ¶ 8. Those damages, according to Plaintiff, include damages Plaintiff suffered almost four months after her April 2020 fall and almost a month after she filed her amended complaint [16] when she fell at home on August 5, 2020 and injured her knee. Plaintiff says she fell at home because she was in a weakened condition from her fall at the CVS store in April 2020 and, therefore, the damages attributable to the August 2020 fall were proximately caused by Defendant's negligence in April 2020.

Defendant says it has been waiting for Plaintiff to amend her complaint to add a separate negligence claim arising from the August 5, 2020 fall but she has not done so. Therefore, according to Defendant, it needs to add a contributory negligence defense to this unpled claim to fairly defend

against Plaintiff's lawsuit. To be more accurate, Defendant appears to be saying that Plaintiff will need to amend her complaint before trial to add a claim for the August 5, 2020 incident, and it is peremptorily moving for leave to add an affirmative defense to that anticipated claim. For her part, however, Plaintiff disclaims any intent to amend her complaint to add another negligence claim. Plaintiff says she does not need to add a separate negligence claim for the August 5, 2020 incident because she already can recover whatever damages were proximately caused by Defendant's negligence on April 20, 2020, as pled in her amended complaint, including any damages she suffered on and after August 5, 2020.

The parties have discovered the case as it is pled. In addition, the recently filed Final Pretrial Order [91] postures the case the way Plaintiff characterizes it, with Defendant "disput[ing] that Plaintiff's August 5, 2020 fall was proximately caused by her deconditioning following her April 20, 2020, incident at CVS." Final Pretrial Order [91] at § 4. Under these circumstances, in the Court's view, there is no need for Defendant to add an affirmative defense to a claim that is not pled and that Plaintiff says she will not plead.

Defendant can argue at trial, as it says it will do in the Final Pretrial Order [91], that the injuries Plaintiff says she suffered on and after August 5, 2020 were not proximately caused by its negligent conduct four months earlier, on April 20, 2020, because Plaintiff's own conduct on August 5, 2020 breaks any causal connection between the April 2020 incident and the August 2020 incident. Defendant apparently intends to argue, among other things, that Plaintiff failed to keep a proper lookout for her safety on August 5, 2020, she did not use an assistive device for ambulation on that date, and she did not follow her doctor's advice that she should use an assistive device when walking around her home – all as outlined in Defendant's proposed new affirmative defense [99-2]. This argument, based on the same facts, also undoubtedly animates Defendant's existing affirmative defense that Plaintiff failed to mitigate her damages. Answer and Affirmative Defense [33] at 5. It therefore appears that Defendant can make all the arguments it wants to make to limit Plaintiff's damages consistent with its existing mitigation affirmative defense without adding a new contributory negligence affirmative defense at this late date. Mitigation also appears to be the more appropriate affirmative defense under these circumstances rather than contributory negligence. *See, e.g., Williams v. Jader Fuel Company, Inc.*, 944 F.2d 1388, 1401-02 (7th Cir. 1991) (negligence that occurs after the initial injury should be considered within a mitigation of damages affirmative defense rather than as contributory negligence, which generally occurs before or contemporaneous with the conduct that gave rise to the initial tortious conduct upon which Plaintiff's claim is based).[1]

---

[1] As Judge Flaum explained in *Williams v. Jader Fuel Company, Inc.*, "the doctrines of contributory negligence and mitigation of damages (also known as avoidable consequences) are '[s]omewhat similar.'" 944 F.2d at 1401, *citing* W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser & Keeton on the Law of Torts, § 65 at 458 (5th ed. 1984) ("The statement commonly made as to the distinction between the two is that contributory negligence is negligence of the plaintiff before any damage, or any invasion of his

2

In any event, even if Defendant's proposed new contributory negligence affirmative defense is somehow cognizable as a matter of law in this case, Defendant's attempt to plead a new affirmative defense now is decidedly untimely. Federal Rule of Civil Procedure 8(c) requires a defendant to plead all affirmative defenses with its answer. Rule 6(b)(1)(B) allows a court to exercise its discretion to allow a defendant to do an act after the time for doing so has expired "if the party failed to act because of excusable neglect." *Global Technology & Trading, Inc. v. Tech Mahindra, Ltd.,* 789 F.3d 730 (7th Cir. 2015).

Defendant has not and cannot show excusable neglect here. Defendant has known for quite some time that Plaintiff was seeking damages in this case attributable to her August 2020 fall at home. With its answer to the amended complaint, Defendant pled Plaintiff's failure to mitigate her damages as an affirmative defense. That defense seemingly alludes to Plaintiff's theory that she suffered additional injuries and damages months after her fall at a CVS store in April 2020: "Plaintiff exacerbated existing injuries and caused alleged additional injuries and damages complained of in her Complaint at Law." Answer and Affirmative Defenses [33] at 5. Indeed, according to Plaintiff, "Defendant has known about the Plaintiff's August 2020 fall and injuries since the time it [sic] occurred." Plaintiff's Response and Objection to Defendant's Motion for Leave to File Second Amended Affirmative Defense [100] at 3. If that is true, then Defendant knew about Plaintiff's August 5, 2020 fall when it answered the amended complaint and asserted its existing mitigation affirmative defense on September 9, 2020, just over a month after Plaintiff's August 5, 2020 fall at home. Answer and Affirmative Defenses [33].

Defendant also has known since at least the parties' exchange of settlement letters in March 2021 [50, 53] that Plaintiff was arguing that the injuries she suffered on August 5, 2020 were caused, at least in part, by her being in a weakened condition after her April 2020 fall at a CVS store. And Plaintiff also argues Defendant was on notice of her intent to recover damages in this case relative to her August 2020 fall at home when Plaintiff served her expert witness's report in May 2021. Plaintiff's Response and Objection [100] at 3. In the Court's view, if Defendant felt it needed to file an additional affirmative defense to address Plaintiff's fall on August 5, 2020, it has had many opportunities to do so and should have attempted to do so long before now.

Defendant does not really argue that it is protected by the excusable neglect standard in Federal Rule 6(b)(1)(B). Instead, Defendant argues that it need not show excusable neglect because Plaintiff has not yet amended her complaint to add a separate cause of action arising from the second fall in August 2020 to which Defendant's new affirmative defense would respond. Aside from implicitly conceding that its Motion is premature, Defendant's argument also misses the mark given Plaintiff's stated intention not to file an amended complaint and to instead seek damages

---

rights, has occurred, which bars all recovery. The rule of avoidable consequences comes into play after a legal wrong has occurred, but while some damages may still be averted, and bars recovery only for such damages."). *See also* footnote 2 *infra.*

3

attributable to injuries she suffered in August 2020 as a consequence of her existing claim arising from her April 2020 fall at a CVS store.

Therefore, even if Defendant's proffered additional affirmative defense was legally cognizable here, it is untimely and there is no good reason for the Court to allow Defendant to file it now. Defendant's delay in moving to add that defense until shortly before trial is not excusable neglect on the facts of this case within the meaning of Rule 6(b)(1)(B). Defendant's attempt to justify its delay because it was waiting for Plaintiff to amend her complaint to add a separate negligence claim arising from her August 5, 2020 fall at home does not pass muster given the case history as discussed above and the length of time that Defendant has known Plaintiff's theory is that the injuries she suffered in her fall in August 2020 are causally related to Defendant's negligence in April 2020. Defendant's explanation for its delay is insufficient to meet its burden under the Rule.

Plaintiff also makes a convincing argument that she would be prejudiced if the Court were to grant Defendant's Motion and bring the notion of contributory negligence for the August 2020 fall into this case now as a vehicle to limit Plaintiff's damage recovery. There is some authority for the proposition that the lack of prejudice to an opposing party might be a last refuge under Rule 6(b)(1)(B) for a party that did not move with sufficient alacrity to do an act it was earlier required to do. *See McCann v. Cullinan,* 2015 WL 4254226, at *11, n.9 (N.D. Ill. 2015). That authority also will not save Defendant here. Plaintiff prepared this case for trial on the assumption that she would be asking the jury to award her damages attributable to the August 2020 fall as proximately caused by Defendant's negligence in April 2020. Defendant says it intends to admit liability at trial and only contest damages. Plaintiff would be prejudiced if Defendant's proposed additional affirmative defense were allowed into the case at this late date to the extent that it would affect Plaintiff's established trial plan, including the witnesses she would call, and because Plaintiff did not have the opportunity to calibrate her discovery and her expert's testimony to that defense. Defendant effectively proposes to admit its own negligence but then wants to focus on whether Plaintiff was contributorily negligent in causing her fall in August 2020. As discussed above, the more appropriate legal avenue for that defense theory is Defendant's existing mitigation of damages affirmative defense, not a contributory negligence defense that is divorced from either party's conduct on April 20, 2020.[2]

---

[2] In addition, Defendant's attempt to add a contributory negligence affirmative defense now arguably would introduce into the case a defense theory that Plaintiff cannot legally recover damages that arise from the August 2020 fall under Illinois law if she were more than 50% at fault in causing those damages. *See Wilson v. Walmart Stores, Inc.,* 2017 WL 1425598. at *5 (N.D. Ill. 2017). That is an issue that is not now in the case. Neither party addresses this issue directly in their briefs filed with respect to Defendant's Motion, but it may partially underlie Plaintiff's vociferous opposition to the Motion to the extent that adding a contributory negligence defense now would alter in material part Plaintiff's burden of proof at trial or deny her recovery for damages flowing from the August 2020 fall if she were more than 50% negligent in causing that fall. If that is the case, it is an additional avenue by which Plaintiff would be prejudiced if Defendant's Motion were to be granted. *Williams,* 944 F.2d at 1401-02 (jury verdict reversed and case remanded for

4

To be sure, the Court's ruling today does not mean that Plaintiff will be able to prove that her August 5, 2020 fall was proximately caused by Defendant's negligence that caused her to fall in one of its stores on April 20, 2020, or even that she ultimately will be allowed to go to the jury with that damage theory But that is a different question than whether Defendant should be allowed to file an additional affirmative defense at this stage of the case. As discussed above, the Court in its discretion does not believe Defendant should be permitted to do so.

Accordingly, for all these reasons, Defendant CVS's Motion for Leave to File Second Affirmative Defense [99] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 24, 2021

---

new trial where district court permitted jury to consider contributory negligence affirmative defense when only a mitigation defense was permitted under the facts and applicable Illinois law).